# UNITED STATES COURT OF APPEALS
# FIFTH CIRCUIT

_____

No. 98-31364
Summary Calendar
_____

BOBBY G ROSS; VIVIAN G ROSS,

Plaintiffs-Appellants,

versus

JOHN E GRAHAM & SONS; ET AL,

Defendants,

BUD'S BOAT RENTAL INC

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(95-CV-2950-S)

_____

June 22, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Bobby and Vivian Ross (the "Rosses") brought an action against Bud's Boat Rental, Inc. ("Bud's Boat Rental") for personal injuries sustained by Bobby while disembarking from a vessel owned by Bud's Boat Rental. The Rosses appeal the district court's judgment in favor of Bud's Boat Rental, arguing that the court (1) erroneously defined the scope of a vessel owner's duty of care to a disembarking passenger, and (2) erred in finding that Bud's Boat Rental did not breach its duty of care. We affirm.

The Rosses argue first that the district court erred in defining the scope of a vessel owner's

_____

 * Pursuant to 5ᵀᴴ Cɪʀ. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ Cɪʀ. R. 47.5.4.

duty to a disembarking passenger. The district court explained that a shipowner's duty of care has been defined as a "high" degree of care for the safety of passengers. The court also explained that the duty has been defined as the duty of exercising reasonable care under the circumstances. The Rosses contend that the court erred, because the shipowner's duty is always a duty of "high" care. We review this issue of law *de novo*. *See Forrester v. Ocean Marine Indem. Co.,* 11 F.3d 1213, 1216 (5th Cir. 1993).

In *Kermarec v. Compagnie Generale Transatlantique,* 358 U.S. 625, 632, 79 S. Ct. 406, 410, 3 L. Ed. 2d 550 (1959), the Supreme Court held that "the owner of a ship in navigable waters owes to all who are on board . . . the duty of exercising reasonable care under the circumstances of each case." We have stated that, in some instances, reasonable care under the circumstances may be something less than high care. *See Smith v. Southern Gulf Marine Co. No. 2, Inc.,* 791 F.2d 416, 421 (5th Cir. 1986). Without attempting to define a "precise" standard, we have stated that we will continue to adhere to the standard described in *Kermarec,* which is reasonable care under the circumstances of each case. *See id.* The district court articulated this standard of care, and thus the district court correctly defined the scope of the duty of care.

The Rosses allege additionally that the district court erred because a vessel must carry the appropriate equipment or apparatus that allows a passenger to disembark safely. A vessel owner must provide a passenger with a reasonably safe means of boarding or disembarking, including the provision of proper gangways, landing places, and personnel assistance. *See, e.g., Lavergne v. Chevron U.S.A. Inc,* 782 F. Supp. 1163, 1169 (W.D. La. 1991); *Counts v. Lafayette Crewboats, Inc.,* 622 F. Supp. 299, 301 (W.D. La. 1983). As long as the vessel provides passengers with a reasonably safe means of boarding or disembarking, the vessel is not required to carry the disembarking equipment on the boat. Hence, the court did not err in requiring the vessel to provide a reasonably safe means of debarking, without also requiring that the vessel carry the equipment.

Finally, the Rosses claim that the court clearly erred in finding that Bud's Boat Rental did not breach its duty of care to the passengers. A question of negligence in an admiralty case is a question

-2-

of fact. *See Tullos v. Resource Drilling, Inc.,* 750 F.2d 380, 385 (5th Cir. 1985). In an admiralty case, we review the district court's factual findings for clear error. *See Forrester,* 11 F.3d at 1216; *Tittle v. Aldacosta,* 544 F.2d 752, 754 (5th Cir. 1977). The clearly erroneous standard also applies to the apportionment of fault. *See Tullos,* 750 F.2d at 385.

The record shows that two crew members, a captain and a deck hand, worked on the boat. When a boat usually docked, the crew members wo uld first tie up the boat and then assist the passengers in debarking. The dock had movable steps that could have been moved to the boat. Without waiting for a crew member's assistance, Bobby jumped from the boat with sixty pounds of baggage in his arms. Based on the record, the district court did not clearly err in concluding that Bud's Boat Rental did not breach its duty to Bobby. Further, the district court did not clearly err in concluding that Bobby's negligence was the sole cause of his injuries.

For the foregoing reasons, we AFFIRM the judgment of the district court.